# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| IN RE RICH GLOBAL, LLC,<br><br>Debtor.<br>_____<br><br>RICH DAD OPERATING COMPANY, LLC<br><br>Appellant,<br>v.<br><br>RICH GLOBAL, LLC, TRACY L. ZUBROD, Chapter 7 Trustee, LEARNING ANNEX HOLDINGS, LLC, LEARNING ANNEX, L.P., CASHFLOW TECHNOLOGIES INC., ROBERT KIYOSAKI and KIM KIYOSAKI,<br><br>Appellants.<br>_____<br><br>RICH GLOBAL, LLC,<br>Cross-Appellant,<br>v.<br><br>RICH DAD OPERATING COMPANY, LLC, TRACY L. ZUBROD, Chapter 7 Trustee, LEARNING ANNEX HOLDINGS, LLC, LEARNING ANNEX, L.P., CASHFLOW TECHNOLOGIES INC., ROBERT KIYOSAKI and KIM KIYOSAKI,<br>Cross-Appellees. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 12-20834<br>Chapter 7<br><br>13-CV-167-ABJ |

**CROSS-APPELLANT RICH GLOBAL, LLC'S BRIEF ON APPEAL**

*COUNSEL FOR CROSS-APPELLANT RICH GLOBAL, LLC*

Mark E. Macy
Macy Law Office, P.C.
217 West 18th Street
Cheyenne, WY 82001
T: (307) 632-4100
F: (307) 632-8100
Email: mark@macylaw.net
Wyoming Bar Number: 5-2651

1

# TABLE OF CONTENTS

Table of Contents ................................................................................. Page 2

Table of Authorities .............................................................................. Page 3

I. Basis of Appellate Jurisdiction ................................................... Page 4

II. Issues Raised on Appeal ............................................................ Page 4

III. Standard of Review on Appeal .................................................. Page 5

IV. Statement of the Case ................................................................ Page 6

    A. Nature of the Case ......................................................... Page 7

    B. Course of Proceedings in the Lower Court ........................... Page 8

V. Summary of Argument .............................................................. Page 8

VI. Argument ................................................................................. Page 10

VII. Conclusion ................................................................................ Page 11

# TABLE OF AUTHORITIES

**Federal Cases:**

*Allis-Chalmers Credit Corp. v. Tri-State Equipment,* (In re Tri-State Equip., Inc.)
   792 F.2d 967, 970 (10th Cir. 1986) .................................................................. Page 4

*Joos v. Drillock,*
   127 Mich.App. 99, 338 N.W.2d 736 (Mich.App.1983) ............................... Page 9

*Chaffee v. Smith,*
   98 Nev. 222, 645 P.2d 966 (1982) ...................................................... Page 9

*Clement v. Prestwich*
   448 N.E.2d 1039 (1983) ...................................................................... Page 9

*Coffee by and Through Collins v. Jefferson County Board of Education*
   756 S.W. 2nd 155 (Ct. of Appls. KY 1988)........................................... Page 9

*Collins v. Fitzwater*
   277 Or. 401, 560 P.2d 1074 (1977) ..................................................... Page 9

*Goodley v. Wank & Wank, Inc.,*
   62 Cal.App.3d 389, 133 Cal.Rptr. 83 (1976) ......................................... Page 9

*In re Parker,*
   499 F.3rd. 616 (6th Cir. 2011) .............................................................. Page 9

*Oppel v. Empire Mutual Ins. Co.*
   517 F.Supp. 1305 (S.D.N.Y.1981) ....................................................... Page 9

*Washington v. Fireman's Fund Insurance Company* .................................. Page 9
   459 So.2d 1148 (Fla.App.1984)

**Statutes:**

11 U.S.C. § 363 ) ................................................................................... Page 8

11 U.S.C. § 727(a)(1) ) ............................................................................ Page 5

28 U.S.C. § 158(a) ................................................................................. Page 4

28 U.S.C. § 158(c) (1)............................................................................. Page 4

**Rules and Regulations:**

Fed. R. Bankr. P. 8001(e) ...................................................................... Page 4

## I. BASIS OF APPELLATE JURISDICTION

Jurisdiction lies with this Court pursuant to 28 U.S.C. § 158(a) and Fed. R. Bankr. P. 8001(e). The Learning Annex elected to have this Court hear the appeal pursuant to 28 U.S.C. § 158(c)(1). Timely notice of appeal was filed on July 23, 2013 from the Bankruptcy Court's: (1) Opinion on Trustee's Motion to Approve Settlement dated July 16, 2013 (R. Page 855)[1]; and (2) Judgment on Trustee's Motion to Approve Settlement dated July 16, 2013 (R. Page 863).

## II. ISSUES RAISED ON APPEAL

1. The bankruptcy court erred when it failed to find sufficient facts to support its Order, (R. P.855), and Judgment, (R. Page 863), on Trustee's Motion to Approve Settlement (R. Page 457).

2. The bankruptcy court erred when it failed to describe a sufficient factual foundation in its Order and Judgment on Trustee's Motion to Approve Settlement.

3. The bankruptcy court erred when it concluded that the Second Circuit Appeal has a probability of success sufficiently low to approve the Trustee's Motion to Approve Settlement.

4. The bankruptcy court erred when it granted Trustee's Motion to Approve Settlement without determining whether the proposed Settlement Agreement gives the "Learning Annex Parties" no more than they would receive in the claim objection process.

5. The bankruptcy court erred in not applying 11 U.S.C. § 363 to Trustee's Motion to Approve Settlement.

---

[1] For ease and clarity, the Bankruptcy Court Record is referred to as "R" throughout this brief.

4

6. The bankruptcy court erred in its Opinion and Judgment Approving Settlement by failing to consider Creditor Rich Dad Operating Company, LLC's offer to indemnify Trustee for the cost of litigating the Second Circuit Appeal.

7. The bankruptcy court erred in finding that the Settlement Agreement at issue is in the best interests of the estate and should be approved.

8. The bankruptcy court erred when it granted Trustee's Motion to Approve Settlement.

9. The bankruptcy court erred when it did not consider the sale of the appeal to the Learning Annex, et. al to be against public policy.

The Appellant, Rich Global, LLC (hereinafter "Rich Global") confines these issues on appeal and restates them herein as follows:

1. Whether the bankruptcy court erred when it granted the Trustee's Motion to Approve Settlement (sale) of the Rich Global appeal to the Learning Annex.

2. Whether the "settlement" (sale) of the appeal to the Learning Annex is against public policy.

Rich Global raised these issues before the bankruptcy court in its objection to the Trustee's Motion To Approve Compromise. R. Page 849.

## III. STANDARD OF REVIEW ON APPEAL

Rich Global asserts that the subject matters before the bankruptcy court now on appeal contained mixed questions of law and fact. When the Court reviews mixed questions of law and fact, the Court exercises de novo review when the primary inquiry concerns legal principals or the legal conclusions to be drawn from undisputed facts. *Allis-Chalmers Credit Corp. v. Tri-State Equipment,* (In re Tri-State Equip., Inc.) 792 F.2d 967, 970 (10th Cir. 1986).

## IV. STATEMENT OF THE CASE

A. <u>Nature of the Case.</u>  This is an appeal from the United States Bankruptcy Court's: (1) Opinion on Trustee's Motion to Approve Settlement dated July 16, 2013 (R. Page 855); and (2) Judgment on Trustee's Motion to Approve Settlement dated July 16, 2013 (R. Page 863).

B. <u>Statement of Facts and Course of Proceedings in the Lower Court.</u>  This case stems from the filing of a Chapter 7 filing by Rich Global, LLC, a Wyoming flexible limited liability company on August 20, 2012. R. Page 6. Rich Global is a wholly owned subsidiary of Rich Dad Operating Company, LLC. R. Page 31. Rich Global is was formed in July of 1996 generally for the purpose of licensing third parties to use intellectual properties related to Rich Dad education seminars including the use of trade and service marks, designs and logos. In return, the licensees would pay to Rich Global royalties that were received from monies derived from those the education seminars.

As a result of litigation between Rich Global and the Learning Annex Holdings, LLC, Learning Annex, LLC and Learning Annex, LP (collectively "Learning Annex") a judgment was rendered against Rich Global in favor of the Learning Annex in the sum of $23,687,957.21 on July 18, 2012. R. at Page 18 and 880. Rich Global timely filed an appeal of the judgment on July 20, 2012. Judge Scheindlin of the United States District Court for the Southern District of New York stayed the enforcement of the Judgment. Id. Judge Scheindlin, in the order, stated that Rich Global has a substantial likelihood of success on appeal." R. at Page 881. Rich Global obviously did not have the financial ability to pay the judgment and thereafter filed the Chapter 7 case in the United States Bankruptcy Court for the District of Wyoming. R. at Page 6.

The legal right of Rich Global to pursue the appeal was not listed as an "asset" on its schedules and never has the right of appeal ever been considered an asset in bankruptcy. Note in this case that Rich Global had a verdict rendered against it for more than 23 million dollars. It is hard to imagine the right of an appeal being an asset.

In the underlying bankruptcy case, the Chapter 7 Trustee initially agreed that the ongoing litigation was burdensome and had inconsequential value to the estate. R. at Page 228. Rich Global filed an objection to the abandonment of property on the basis that the appeal was not an asset subject to abandonment – rather it was a legal action *against* Rich Global; that the abandonment would only create uncertainty and appellate issues; and rather than abandon the litigation, the Trustee should use the litigation to advance a resolution of the existing claims and objections. R. at Page 372-273. However, the Learning Annex looked at the abandonment issue as a rather unique opportunity to "buy" the appeal in the course of the bankruptcy proceeding, which would conceivably never occur under any other context, and made an offer of $100,000 to the Trustee to acquire it. Without any further process to the Debtor other creditors in the bankruptcy, the Trustee simply filed a Motion to Approve Settlement for the $100,00 offer. R. at Page 457. It is undisputed that neither Rich Global nor the other creditors were involved in the settlement negotiations.

Rich Global filed an objection to what the trustee termed as a "settlement" of the appeal on the basis upon: (1) that if the "appeal" was actually an asset of the estate, then the Trustee should have established a procedure such as an auction and provided bidding procedures; (2) that it would be in the best interest that the appeal be pursued; and (3) that a "sale" of an appeal from the Debtor violates public policy. R. at Page 849. Based upon the Trustee's earlier course of

conduct of selling the Debtor's account's receivable, the Chapter 7 Trustee should follow the same procedure in liquidating the "assets" of the estate.

It must be noted that earlier, during the course of these proceedings, the Trustee had previously filed a Motion to Approve Settlement for the sale of Rich Global's accounts receivable due to the Debtor. R. at Page 43 . The Leaning Annex objected to the Trustee's Motion to Approve Settlement. R. at Page 50. In response to the Learning Annex's objection, the bankruptcy court ordered the Trustee to set up a telephone hearing among the various interested parties and hold an auction in order to sell the assets for the highest price in order to realize the best results for the estate. R. at Page 317-318.

Now, Rich Global files this appeal objecting to the Trustee's *sale* of its right to appeal the $23,687,957.21 judgment to the Learning Annex.

## V.    SUMMARY OF ARGUMENT

The sale of the procedural right of appeal should not be considered an asset of a bankruptcy estate and, as such, is against public policy. However, should this Court determine that the debtor's "right of appeal" is subject to disposition in the course of a bankruptcy proceeding, then the "sale" should comply with the proper rules of bankruptcy procedure.

## VI.   ARGUMENT

### A.    <u>A Sale of the Procedural Right of Appeal Violates "Public Policy"</u>

Fundamentally, the courts should not acquiesce in the sale of a party's procedural right of an appeal. There is no argument that Rich Global is a bankrupt entity. The bankruptcy code provides that corporations and limited liability companies do not receive a discharge in bankruptcy. 11 U.S.C. § 727(a)(1). In contrast, individuals in a Chapter 7 proceeding do receive a discharge in a Chapter 7 Case. A corporate or LLC's right to reorganize in a Chapter 7 case is

limited by this provision in the law. In the event that a corporation or LLC can exist after a Chapter 7 liquidation of its assets, it only ability to reorganize thereafter may hinge upon the preservation of a right of appeal in litigation that was stayed during the course of the case. The Chapter 7 corporate or LLC debtor's only prospect at survival at that point may be hinged upon the appeal of an unfavorable ruling rendered in a lower court. A corporate entity, if it has sufficient post-petition income, can reorganize assuming that a majority of its debts are paid during the liquidation of its assets. However, if the trustee in bankruptcy is able to "sell" the procedural right to an appeal to a creditor, the debtor is stripped of its legal ability to redress the review of an improper ruling of a lower court following the debtor's discharge and closing of the case. This principal of law may be the first assertion on appellate review on this subject.

As set forth in Rich Global's opposition to the sale, other jurisdictions have adopted the principle of law that a sale or assignment of a cause of action is against public policy. See *Coffee by and Through Collins v. Jefferson County Board of Education*, 756 S.W. 2nd 155 (Ct. of Appls. KY 1988). The court in *Coffee* found that the collusive nature of the transaction in the assignment and sale of a legal malpractice claim to be questionable and, therefore, unenforceable against public policy. See accord, *Clement v. Prestwich*, 114 Ill.App.3d 479, 70 Ill.Dec. 161, 448 N.E.2d 1039 (1983); *Oppel v. Empire Mutual Ins. Co.*, 517 F.Supp. 1305 (S.D.N.Y.1981), *Collins v. Fitzwater*, 277 Or. 401, 560 P.2d 1074 (1977); *Chaffee v. Smith*, 98 Nev. 222, 645 P.2d 966 (1982); *Joos v. Drillock*, 127 Mich.App. 99, 338 N.W.2d 736 (Mich.App.1983); *Washington v. Fireman's Fund Insurance Company*, 459 So.2d 1148 (Fla.App.1984).

In a review of other similar reported cases, it is generally held that the assignment or sale of a legal malpractice action (tort or contract) is against public policy. *Goodley v. Wank & Wank, Inc.*, 62 Cal.App.3d 389, 133 Cal.Rptr. 83 (1976) (the assignee of a claim for damages for

a legal malpractice brought an action on the claim against the law firm. The trial court entered judgment for the defendants. The appellate court affirmed the holding that the claim in suit was not assignable). *see also, Clement v. Prestwich*, 448 N.E.2d 1039 (1983) (in a legal malpractice claim arising from an attorney's allegedly negligent handling of a tortfeasor's bankruptcy matter was not assignable to the injured party.

### B. The Bankruptcy Court Erred When it Granted the Trustee's Motion to Approve the Settlement (sale) of the Rich Global Appeal To the Learning Annex.

In the event that this Court does not reverse the bankruptcy court on the issue that the sale of the appeal is against public policy, then this Court must reverse on the basis that the Trustee failed to follow the sale provisions of 11 U.S.C. § 363. It must be noted that the Trustee did not cite any authority in her motion as the grounds for the approval of the settlement. R. Page 457. Rich Global also raised this issue in its opposition to the Trustee's motion. R. Page 849. It is axiomatic that this same exact argument was also advanced by the Learning Annex in its objection to the sale of the accounts receivable. R. at Page 502.[2] The Learning Annex has now taken a 180-degree turn and advanced a convoluted argument to now try to justify its position that the current sale of the "appeal" should not have been approved under the scruinity of 11 U.S.C. § 363. Certainly, the Trustee could justify that the "sale" of the appeal to the highest bidder in the form of a public auction would have satisfied the requirements of 11 U.S.C. § 363.

It has been customary for the bankruptcy court and the Chapter 7 Trustees in Wyoming to set auction terms, bidding procedures, covenants of title and similar sale provisions when

---

[2] . Note that in its objection, the Learning Annex originally argued that "the judgment is a liability of the estate, and the Appeal has *no intrinsic value* ..." The Learning Annex now has abandoned this argument and believes it is at least worth $100,000.

estate assets are liquidated. See *In Re DCD*, WY Case No. 03-21439, Pacer #322. In *in Re DCD*, the Chapter 7 Trustee, in the course of disposing the mineral interests of the estate, established specific sale conditions that were approved by the Court. Had the Chapter 7 Trustee followed this same procedure that the bankruptcy court directed her to follow previously (R. at Page 317-318) then the argument advanced by this appeal would not exist.

**VII. CONCLUSION**

The sale of a procedural right of appeal in the context of a bankruptcy is against public policy. Apparent here is an opportunity taken by the Learning Annex to take advantage of some very unique facts. No doubt that the Learning Annex has hedged its bet buy paying only $100,000 fee to settle the appeal and end Rich Global's right to overturn the one debt that put it into bankruptcy and more than likely end its ability to reorganize.

The amount at issue in this appeal is the sum of $23,687,957.21. Common sense dictates that the Trustee in this matter should have taken the most conservative approach in the disposition of this matter. The simple solution would have been to set this matter for a hearing under the guides of 11 U.S.C. § 363.

**WHEREFORE**, the Chapter 7 Debtor, Rich Global, LLC, hereby respectfully requests that this Court REVERSE the bankruptcy court's Judgment on Trustee's Motion to Approve Settlement dated July 16, 2013 (R. Page 863).

**DATED** this 5th day of September, 2013.

BY:  **RICH GLOBAL, LLC, the Debtor**
/s/ *Mark E. Macy*
Mark E. Macy
Macy Law Office, P.C.
217 West 18th Street
Cheyenne, WY 82001
T: (307) 632-4100
F: (307) 632-8100
Attorney for Debtor Rich Global, LCC

11

## CERTIFICATE OF SERVICE

I, Mark E. Macy, hereby certify that a true and correct copy of the foregoing **CROSS-APPELLANT RICH GLOBAL, LLC** was served electronically upon all interested parties who are registered to receive electronic filing via the CM-ECF System or via US Mail, this 5th day of September, 2013, as follows:

Paul Hunter
Attorney at Law
2616 Central Avenue
Cheyenne, WY 82001

Lee M. Kutner
Kutner Miller Brinen, P.C.
303 East 17th Avenue, Suite 500
Denver, CO 80203

John Young
Markus Williams Young Zimmerman
1700 Lincoln Street, Suite 4000
Denver, CO 80203

James R. Belcher, Esq.
Belcher & Boomgaarden, LLP
237 Storey Blvd., Suite 110
Cheyenne, WY 82009

Jonathan Harris
111 Broadway, Suite 402
New York NY 10006

Edwin G. Schallert
Debevoise & Plimpton, LLP
919 Third Avenue
New York, NY 10022

/s/ Mark E. Macy